IN THE UNITED STATES DISTRICT COURT
F0R THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 13-cr-00392-CMA-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  JOHN J. PAWELSKI,

    Defendant.

_____

**MOTION FOR SELF-REPRESENTATION BY DEFENDANT AND FOR WITHDRAWAL BY DEFENDANT'S PRESENT COUNSEL**
_____

    Defendant's undersigned counsel, Richard N. Stuckey of Richard N. Stuckey, Attorney at Law, P.C., moves this Court for an order permitting Defendant Pawelski to act as his own attorney in this case, and for counsel's withdrawal as attorney of record.

    In conformity with D.C.COLO.LCr 57.5D, the basis for this request is set forth as follows.  Mr. Pawelski has advised the undersigned that he wishes to exercise his right under the Sixth Amendment of the United States Constitution (as outlined in <u>Faretta v. California</u>, 422 U.S. 806 (U.S. 1975) and <u>United States v. Tucker</u>, 451 F.3d 1176 (10th Cir. 2006)) to represent himself.  Under the applicable portions of Colorado Rule of Professional Responsibility[1] 1.16(a)(3), "a lawyer . . . where representation has commenced, shall withdraw from the representation of a client if . . . the lawyer is discharged", which Mr. Pawelski seeks to do here so that he may exercise his right to represent himself.  The undersigned accordingly requests permission to withdraw as Mr.

---

[1] Under D.C.COLO.LCr 57.6, the Colorado Rules of Professional Responsibility, with exceptions not applicable here, have been adopted as the standards for practice before this Court.

Pawelski's counsel of record, and requests the Court to allow Mr. Pawelski to represent himself. At a conference in Colorado Springs this date, Mr. Pawelski confirmed to counsel and counsel's investigator that it is definitely his desire to represent himself.

Mr. Pawelski respectfully requests a "Faretta hearing" in order to deal with his intention to represent himself. In order properly to invoke the right to self-representation:

> [A] defendant must satisfy four requirements. First, the defendant must "clearly and unequivocally" inform the district court of his intention to represent himself. . . Second, the request must be timely and not for the purpose of delay. . . Third, the court must conduct a comprehensive formal inquiry to ensure that the defendant's waiver of the right to counsel is "knowingly and intelligently" made. . . Finally, the defendant "must be 'able and willing to abide by rules of procedure and courtroom protocol.'

United States v. Tucker, 451 F.3d 1176, 1180 (10th Cir. 2006). Mr. Pawelski believes that his situation meets all of these criteria.

In the event that the Court grants Mr. Pawelski's request to represent himself, the undersigned would be willing, if the Court deem it proper, to continue to act as advisory counsel to Mr. Pawelski by assisting him in filing documents, requesting subpoenas, preparing necessary documentation for such requests, preparing for motions and possible trial, and in acting as liason between Mr. Pawelski and the United States Attorney's Office when necessary, all to facilitate the trial or disposition of this case. Mr. Pawelski has informed the undersigned that he would like the undersigned to serve as advisory counsel.

WHEREFORE, the undersigned respectfully requests that this Motion be granted.

Dated this 18th day of February, 2014.

Respectfully submitted,


s/Richard N. Stuckey
Richard N. Stuckey
1801 Broadway
Suite 1100
Denver, CO  80202
(303) 292-0110 x 127
dick@richardstuckeylaw.com
Attorney for Defendant John J. Pawelski




**CERTIFICATE OF SERVICE**

I certify that on this 18th day of February, 2014, I electronically filed the foregoing **MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


s/Richard N. Stuckey
Richard N. Stuckey
1801 Broadway, Suite 1100
Denver, CO  80202
(303) 292-0110 x 127
dick@richardstuckeylaw.com
Attorney for Defendant John J. Pawelski