**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.   13-cr-00392-CMA-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    1.    George Thomas Brokaw,
    2.    **John J. Pawelski,**
    3.    Mimi M. Vigil, and
    4.    Clara M. Mueller,

    Defendants.

---

**GOVERNMENT'S RESPONSE TO PRO SE DEFENDANT JOHN JOSEPH PAWELSKI'S MOTION FOR GOVERNMENT COMMUNICATIONS [# 122]**

---

    Pro Se Defendant John Joseph Pawelski ("defendant") seeks an order from this Court directing the government to provide him with internal communications between the agents who investigated this case and the undersigned attorneys who are prosecuting it. Defendant asserts that these communications "will provide the agents['] perceived personal attitude (sic) of the defendant and co-defendants, the communication between the agents and their superiors at the particular agency concerning the defendant and co-defendants, the relationships between the agents and the AUSA, the personal attitude of the AUSA, as to the defendant and co-defendants."   (Doc. # 122 at 1.)

    Defendant cites no authority in support of his request, and there is none.   Federal Rule of Criminal Procedure 16(a)(2) provides in pertinent part that Rule 16 "does not

1

authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2); *United States v. Armstrong,* 517 U.S. 456, 462-63 (1996) (citing Rule 16(a)(2) and holding that a defendant "may not examine Government work product in connection with his case").

In *United States v. Williams,* 792 F. Supp. 1120 (S.D. Ind. 1992), the defendants requested all government "communications, written or oral, with any state or local law enforcement personnel pertaining to the prosecution of this case." *Id.* at 1132. The court held that "[e]ven if this information could be construed as material for the purposes of Rule 16(a)(1)(C), it surely is the exact information which Rule 16(a)(2) was designed to prevent from being discovered." *Id.; see also United States v. Jack,* 263 F.R.D. 640, 645 (E.D. Ca. 2010) (denying defendants' request for communications between ATF agent and any other government entities, holding that "there is still no showing of materiality under Rule 16 by the defense with respect to the internal government communications. Moreover, the request on its face still calls for the production of government investigative documents that are not subject to discovery") (citing *Armstrong,* 517 U.S. at 462-63 and Rule 16(a)(2)); *United States v. Stone,* No. CR12-0072-JCC, 2013 WL 5934346, at *3 (E.D. Ca. Nov. 5, 2013) (defendant's request for "substantive communications by the prosecutors about the case to other law enforcement agents" clearly falls under Rule 16(a)(2) and therefore, such communications are not subject to discovery).

Accordingly, defendant's request for production of internal communications

between the government attorneys and agents assigned to this case must be denied.

Respectfully submitted this 18th day of April, 2014.

                JOHN F. WALSH
                United States Attorney

                s/ Martha A. Paluch
                MARTHA A. PALUCH
                MATTHEW T. KIRSCH
                Assistant U.S. Attorneys
                1225 17th Street, Suite 700
                Denver, CO 80202
                Telephone 303-454-0100
                Facsimile 303-454-0402
                Email: martha.paluch@usdoj.gov
                      matthew.kirsch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

John S. Tatum, Esq.
john@johntatumlaw.com
Attorney for Mimi M. Vigil

Miller Leonard, Esq.
miller@themillerleonardlawfirm.com
Attorney for Clara M. Mueller

I hereby certify that on this 18th day of April, 2014, I emailed the foregoing to the following e-mail addresses:

George Thomas Brokaw, Pro Se
Tombrokaw33@msn.com

John J. Pawelski, Pro Se
Johnski9999@gmail.com

s/ Deborah Sisung
Deborah Sisung
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
303 454-0100
Fax: 303 454-0402
Deborah.Sisung@usdoj.gov