IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 13-cr-00392-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    GEORGE THOMAS BROKAW,
2.    JOHN J. PAWELSKI,
3.    MIMI M. VIGIL, and
4.    CLARA M. MUELLER,

      Defendants.

## ORDER ON ALL PENDING MOTIONS

This matter is before the Court on the 26 pending motions filed in this case. For the following reasons, the Court grants some of the motions but denies a majority of them. The Court categorizes all the pending motions and considers most by category below.

First, Defendants Brokaw and Pawelski have filed a number of motions that make overlapping, incomprehensible, and/or frivolous requests of this Court. All of these motions are denied for the following reasons:

- **Tax Protester Motions**: Defendants have frequently filed motions that rely on nothing more than typical tax-protester arguments. (Doc. ## 135, 185, 202, 103, 150, 151, 160, 212, 213, 215, 216.) These arguments principally challenge the power of the government and this Court to bring or hear cases involving the criminal charges brought against these defendants. Such arguments have been rejected by every federal court to have addressed them. As Judge Richard Posner rightly

observed, these arguments "are no longer merely frivolous; they are frivolous squared." *United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999); *see also Ford v. Pryor*, 552 F.3d 1174, 1177 n.2 (10th Cir. 2008) (categorizing similar types of tax-protester arguments—including several that are similar to those raised by Defendant—and noting that such arguments "have long been held to be lacking in legal merit and frivolous"). This Court denies the above-referenced motions as utterly lacking in legal merit and will summarily strike all future filings that rely on such arguments.

- **Motions Related to the Return of Property**: Defendants ask for an order from this Court requiring the government to return to Defendants property seized pursuant to a warrant executed for their homes. (Doc. ## 104, 137, 153.) The Court also denies these motions: the government is generally able to retain property obtained pursuant to a search warrant until the conclusion of a criminal case. *Cf. United States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011). The Defendants point to no exception to this rule—indeed, they have made nothing more than a conclusory argument that they are immediately entitled to the seized property—and the Court finds none applicable in this case.

- **Defendant Pawelski's Discovery Motions**: Defendant Pawelski asks for discovery related to: (1) communications to and from various federal law enforcement agents; (2) personnel documents related to these agents; and (3) the actual identities of these agents. (Doc. ## 122,123.) The government responds by arguing that it is not required to turn over such evidence absent a showing that such evidence is material to Defendant Pawelski's defense. (Doc. # 168.) The government has further represented that it will provide some of the requested information at a later point in the criminal proceedings. In briefing on this motion, Defendant Pawelski has provided no argument—let alone argument relying on valid legal authority—as to why he is entitled to the discovery he seeks. (Doc. # 169.) Further, he has failed to identify any exceptions to the rules relied upon by the government. The Court reminds Defendant Pawelski that his ability to litigate discovery disputes such as these could be greatly enhanced with the aid of a lawyer. At present, however, Defendant Pawelski's vague requests and conclusory assertions as to why is entitled to this discovery are insufficient for this Court to grant any relief on these motions.[1]

---

[1] The government's position as to these discovery disputes finds support in the Rules of Criminal Procedure and in the relevant case law related to the government's duty to disclose evidence to the accused. *See, e.g.,* Fed. R. Crim. P. 16(a)(2) (noting that, subject to certain exceptions, criminal defendants are not entitled to "the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."); *United States v. Bagley*, 473 U.S. 667, 675 n.7 (1985) ("[A] rule that the prosecutor commits error by any failure to disclose evidence favorable to the accused, no matter how insignificant, would

- **Defendant Pawelski's Motion to Suppress**: The government executed a search warrant that authorized seizure from Defendant Pawelski's home items "[c]onstituting evidence, fruits, and instrumentalities of violations of" criminal laws related to tax fraud. (Doc. # 5 at 4, No. 11-sw-5439.)  Plaintiff alleges that a number of items seized in this search fell outside the scope of the warrant. (Doc. # 162.)  Upon this Court's review of the warrant, the Court concurs in the government's position that all items referenced in Defendant Pawelski's motion fall within the category of "evidence . . . of violations" referenced in the warrant.

- **Motions for Extension of Time**: Defendants filed two motions seeking extensions of time to file further motions with the Court. (Doc. ## 156, 159.)  Both of these motions are denied as moot.  The Court has considered all pending motions filed by these Defendants, regardless of whether the motions were filed before or after any relevant deadline for the filing of a motion.

Second, Defendant Pawelski seeks a modification of an Order Setting Conditions of Release, which currently prevents him from having contact with any other co-defendant in this case.  (Doc. # 42 at 2.)  Defendant Pawelski asks this Court to modify this order so that he can have direct contact with Defendant Brokaw.  (Doc. # 152.) The Court grants this motion to the extent that it seeks to allow Defendant Pawelski and Brokaw to communicate directly with one another.  Defendant Pawelski's Conditions of Release are therefore modified to allow direct communication between these two defendants.  *See also* (Doc. # 147) (granting a similar request for Defendant Brokaw).

Third, Defendants have filed several motions on which the Court will reserve ruling.  These include the following:

- **Motions for a James Hearing**: Defendants Pawelski, Vigil, and Mueller have filed motions to exclude hearsay statements unless and until the Court determines that such statements are admissible pursuant to Federal Rule of Evidence 801(d)(2)(E), which allows for the admission of co-conspirator hearsay statements that were made during and in furtherance of the conspiracy. (Doc. ## 140, 141, 161.)  Normally, the admissibility of such statements is determined at what is called a *James* hearing.

---

impose an impossible burden on the prosecutor and would undermine the interest in the finality of judgments.").

The government is essentially in agreement that the Court should determine the admissibility of such statements prior to trial, but that a *James* hearing might not be necessary. The government proposes that it produce a *James* log detailing the various statements it intends to introduce and the evidence proving the existence of the conspiracies alleged in the superseding indictment. The government further suggests that Defendants can then provide specific objections to items in the *James* log. (Doc. # 171.) The Court agrees with the government's method of proceeding on this matter. Within 14 days of the date of this order, the Government, after conferring with defendants, shall submit to this Court a proposed scheduling order setting forth the date by which the government shall produce to Defendants its *James* log, the date by which each Defendant shall submit any objections he/she may have to each James log entry, such objections to be supported with legal authority and argument, and the date by which the Government shall respond to any objections filed by Defendants, such response to be supported with legal authority and argument. After reviewing the James log and considering the arguments and legal authority from the parties, this Court will determine whether it is necessary to have a *James* hearing in order to determine whether the identified statements are admissible under Fed. R. Evid. 801(d)(2)(E).

- **Defendant Vigil's Motion to Suppress**: Defendant Vigil filed a motion to suppress attorney-client communications obtained when the government executed a search warrant on Defendant Vigil's home. (Doc. # 142.) The government concedes that such evidence cannot be used in its case in chief but could be used for impeachment purposes. (Doc. # 175.) In light of the government's concession, the Court reserves ruling on this motion unless and until this evidentiary matter arises at trial.

Finally, Defendants Mueller and Vigil raise motions to sever their trials from those of the other two defendants. (Doc. ## 143, 157); *see also* (Doc. # 155.) Defendants' principal argument in favor of severance is that their defense to criminal liability is antagonistic to the defenses they expect Defendants Brokaw and Pawelski to present. As the Defendants Mueller and Vigil observe, they will argue that they are not guilty because they were attempting in good faith to obey the tax law based on the advice of the tax-protester defendants. At the same time, Defendants Mueller and Vigil predict that Defendants Brokaw and Pawelski will rely on the widely discredited tax protester

4

arguments in a quixotic attempt to show that they have no need to obey the law because it does not apply to them.

This Court has authority to exercise its discretion under Rule 14 of the Federal Rules of Criminal Procedure to sever the trial of the non-tax-protester Defendants from the trial of the tax-protesters if joinder will cause sufficient prejudice. *See* Fed. R. Crim. P. 14(a). In considering this question, the Tenth Circuit requires this Court to determine in part "whether the defenses presented are so antagonistic that they are mutually exclusive." *United States v. Pursley*, 474 F.3d 757, 765 (10th Cir. 2007) (internal quotation marks omitted). Competing defenses satisfy this standard "if the conflict between codefendants' defenses is such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *Id.*

As presented in their motions to sever, the non-tax-protester Defendants have failed to establish that the competing defenses are so antagonistic as to be mutually exclusive. To the contrary, a jury could simultaneously believe the defenses proffered by both sets of defendants: the non-tax protesters could escape criminal liability either because the jury does not think the tax laws apply to Defendants Mueller and Vigil, or because these defendants were relying in good faith on a mistaken interpretation of a complicated system of laws. *See also id.* (finding no prejudicial joinder in a tax fraud case in which one codefendant alleged no crime "was committed *by him*" while the other alleged that "no crime was committed *at all*" (emphasis in the original)).[2]

---

[2] As the non-tax-protester defendants note, the Supreme Court in *Cheek v. United States*, 498 U.S. 192 (1991), established that Plaintiffs can defeat the willfulness requirement of criminal liability under 26 U.S.C. § 7203 by asserting a good faith but mistaken attempt to comply with

That such a jury result seems improbable because of the obvious weaknesses in the tax-protesters' probable defense does not change matters. Whether or not a jury will find the tax-protesters' position to be foolish and/or the reliance of the non-tax-protesters thereon to be unwise are matters separate and distinct from the issue of whether these positions are antagonistic or mutually exclusive for purposes of granting a motion to sever.

Defendants Mueller and Vigil make a number of other arguments in support of severance. (Doc. ## 155, 157.) All are similarly unpersuasive. First, both of these defendants suggest that they were less involved than the tax-protesters in the charged conspiracies and this fact militates in favor of severance. Defendants are wrong. The Tenth Circuit has repeatedly rejected the argument that a severance is proper based on a potential disparity in the amount of evidence against different defendants. *See, e.g.*, *United States v. Emmons*, 24 F.3d 1210, 1218-19 (10th Cir. 1994).

Second, Defendant Mueller alleges that because she went from being a witness in the investigation to a target and then a Defendant she is somehow entitled to severance. This argument fails because Defendant Mueller does not sufficiently explain why such a chain of events requires severance—at least on the facts presented, there is no indication how one good faith defense becomes antagonistic merely because her actions raised the suspicions of the authorities at a later date in time.

---

the Internal Revenue Code. *See, e.g.*, (Doc. # 155 at 11.) At the same time, *Cheek* also establishes that "[c]laims that some of the provisions of the tax code are unconstitutional are submissions of a different order," and not cognizable as good faith defenses. *Id.* at 205. This Court expresses no opinion on how the holding of *Cheek* affects the legal standards applicable to the crimes charged in this case.

Third, Defendant Mueller appears to argue that severance would facilitate testimony from the wife and ex-wife of the Defendants.  Defendant Mueller seems to think that these individuals should be called as witnesses at trial.  (Doc. # 157 at 12.)  However, Defendant has not specified how such evidence would be material to her defense or whether it would in fact be admissible—at either a severed or non-severed trial.

\* \* \*

For the foregoing reasons, this Court

1. GRANTS Defendant Pawelski's motion to modify his conditions of release (Doc. # 152); and
2. Except as set forth above, RESERVES RULING on the motions related to the *James* hearing and Defendant Vigil's motion to suppress (Doc. ## 140, 141, 142, 161); and
3. DENIES the remainder of the pending motions.  (Doc. ## 103, 104, 122, 123, 135, 137, 143, 150, 151, 153, 156, 157, 159, 160, 162, 185, 202, 212, 213, 215, 216.)

DATED:  June 12, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge