No. _____

In The

**TENTH CIRCUIT COURT OF APPEALS**

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2014 NOV -7 AM 9:18
JEFFREY P. COLWELL
CLERK
BY_____ DEP. CLK

In re: JOHN J PAWELSKI

United States District Court for the District of Colorado,

DENVER DIVISION

Respondent

CASE BELOW: 13-cr-00392-CMA-2

On the Emergency Petition for a Common Law Writ of Mandamus to the

United States District Court for the District of Colorado, Denver Division

**EMERGENCY PETITION FOR A WRIT OF MANDAMUS**

John Joseph Pawelski, Petitioner

6432 Rockville Drive

Colorado Springs, CO 80923

Phone: (719) 660-8003

Appendix A: docket sheet of proceedings before the District Court;

Appendix B, Motion to Dismiss for Judicial Bias

Petitioner has a right to amend this petition due to clear and convincing evidence that Petitioner is actually innocent and Petitioner's Constitutional rights have been violated, in violation of the Bill of Rights as authorized by the Constitution and that the District Judge has Committed Judicial Bias

1

## Table of Contents

QUESTIONS PRESENTED

LIST OF PARTIES

    Petitioner

    Respondents

CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

CASE LAW INVOLVED

DEFINITIONS

STATEMENT OF THE CASE

JURISDICTION

REASON FOR GRANTING THE WRIT

HISTORY OF THE CASE

PETITION FOR A WRIT OF MANDAMUS AND/OR PROHIBITION

CONCLUSION

## QUESTIONS PRESENTED

- Whether a District Court judge must stop all proceedings once jurisdiction is challenged and address the question before proceeding
- Whether A District Court judge must follow the Quorum Clause of the Constitution, Article I, Section 5, Clause 1.
- Whether a District Court Judge must follow the Supreme Court's only quorum ruling in *United States v. Ballin, Joseph & Co.*, 144 U.S. 1, 3 (1892) in which the

Supreme Court states that in order for any bill to be valid, the Journals of both Houses must show that it was passed in the presence of a quorum.

- Whether judicially noticed facts from the Congressional Record, 93 Cong. Rec. 5049, in which the House voted 38 to 6 without a quorum in place render Public Law 80-772, and 18 USC § 3231 invalid.

- Whether Judicial Bias established on the Record prevents a district court judge from proceeding on a case.

- Whether a district court judge can act as a judge without a valid oath of office

## LIST OF PARTIES

*Petitioner*

- John Pawelski – An indictment was filed against Petitioner on 9/23/13. Doc. 1. Arrest was issued on 10/02/13. Doc. 6. Petitioner was charged with violations of conspiring to defraud the government in respect to a claim; false or fraudulent claims; conspiracy to defraud the United States; and corrupt or forcible interference.

- A superseding indictment was filed on 10/21/13. Doc. 53.

- A motion to disclose grand jury materials was filed on 3/6/14. Doc. 111. 3/6/14. Doc. 111.

- The motion to disclose grand jury procedures was denied on 3/6/14 without response from the government. Doc. 113.

- A motion to dismiss based on violations of the Fair Warning Doctrine was filed on 4/8/14. Doc. 160.

3

- A response to the motion to dismiss based on violations of the Fair Warning Doctrine was filed on 4/18/14. Doc. 179.

- A motion for judgment on the pleadings was filed on 6/5/14. Doc. 212.

- A motion to dismiss based on criminal actions by the prosecutors, violations of Brady v. Maryland, the DOJ's Massive Cover-up, and the DOJ's violations of the Clean Hands Doctrine was filed by Petitioner on 9/3/14. Doc. 261.

- An order denying the motion to dismiss without allowing response and based on invalid reasons was filed on 9/9/14. Doc. 263. Doc. 263.

- A Motion to Dismiss Based on Judicial Bias was filed on 11/6/14.

- A Civil Rights claim, against the prosecutors and the judge was filed on 11/6/14.

- The court uses the word frivolous on anything filed by Petitioner, denying his right of access to a "court" according the First Amendment, denying his Fourth Amendment rights to prevent an illegal seizure, denying his Due Process rights according to the Fifth and Fourteenth Amendments, and denying his Eighth Amendment rights from cruel and unusual punishment.

- The court has not only declared anything filed by Petitioner "frivolous", without making findings of fact and law, but acted in denial of Petitioner's right to defend himself pro se, in violation of *Haynes v. Kerner*, 474 U.S. 519, 1972, and its progeny.

- The court has ruled in spite of evidence of its own conflict of interest.

- Thus, defendant has no right of access to the district court, and is forced to file this emergency mandamus to preserve Petitioner's rights.

- The district court is now participating in the cover-up by the Department of Justice.

4

*Respondent*

- The District Court for the United States for the District of Colorado, Denver Division, the Honorable Christine M. Arguello, presiding.

Despite the clear evidence by fact, the Constitution, and the Supreme Court, that the district court had no jurisdiction, and the court's requirement to stop all proceedings and make clear findings of fact and law related to the jurisdictional issue, the court absolved itself of its duty and failed to properly address the issue.

The court states that anything presented by Petitioner is "frivolous", denying Petitioner his 1st, 4th, 5th, 6th, and 8th amendment rights.

The court is acting in clear violation of its duties pursuant to 28 USC sections 454 and 455, its oath of office, and acted as a second prosecutor in this case.

Therefore, the Court of Appeals now has jurisdiction over this case related to these issues.

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

*Article 1, Section 5, Clause 1, of the Constitution*:

"Each House shall be the judge of the Elections, Returns and Qualifications of its own Members, and a Majority of each shall constitute a Quorum to do Business; but a smaller Number may adjourn from day to day, and may be authorized to compel the Attendance of absent Members, in such Manner, and under such Penalties as each House may provide."

### United States Constitution – 1st Amendment

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.

### United States Constitution – 5th Amendment

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

### United States Constitution – 6th Amendment

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

### United States Constitution – 8th Amendment

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

### The Sixth Amendment Right to Self-Representation

S`ee, e.g., *Neder v. United States*, 527 U.S. 1, 8 (1999)("denial of self-representation at trial" is "'structural error,' and thus [os] subject to automatic reversal"); *Johnson v. Unites States*, 520 U.S. at 469; *Sullivan v. Louisiana*, 508 U.S. at 279; *Fulminante*, 499 U.S. at 310(majority opinion on this point of Rehnquist, C.J.); *McKaskle v. Wiggins*, 465 U.S. 168, 177-78, n.8 (1984); *Myers v. Johnson*, 76 F.3d 1330, 1336-39 (5th Cir. 1996)(per curiam)(per se prejudice rule applies to denials of self-representation on appeal as well as at trial); *Peters v. Gunn*, 33 F.3d 1190, 1193 (9th Cir. 1994)("Improper denials of the right to self-representation are not subject to harmless error analysis.").

### 18 USC Section 4001(a)

No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress.

<u>5 USC section 556(d), 557, and 716.</u>

Once Due Process is violated, jurisdiction ceases.

CASES INVOLVED

    Marbury v. Madison, 5 US 137 (1803), was a <u>landmark</u> <u>United States Supreme Court</u> case in which the Court formed the basis for the exercise of <u>judicial review in the United States</u> under <u>Article III</u> of the <u>Constitution</u>.

    State Oil Co. v. Khan, 522 U.S. 3, 20 (1997)("it is this Court's prerogative alone to overrule its own precedent).

    United States v. Ballin, Joseph & Co., 144 U.S. 1, 3 (1892)(In order for any bill to be valid, the journals of both Houses must show that it was passed in the presence of a Quorum).

    Carol Ann Bond v. United States, 09-1227, 6/16/11 (Any statute repugnant to the Constitution is void ab initio).

    McGrath v. Kristensen, 340 US 162 (1972)(Lack o Article III jurisdiction cannot be waived and cannot be conferred upon a federal district court by consent, by action, or by stipulation).

    Stoll v. Gottlieb, 305 US 171-172 (1938)(the validity of an order on sentencing of a fedral district court depends upon thaqt court having jurisdiction over both the subject matter and the defendant).

    Angel v. Bullington, 330 US 183 (1947)(unless the power and authority of the court to perform a contemplated act can be found in the constitution or laws enacted therein, it is without jurisdiction and its acts are invalid). See also LeMieux Bros. Inc. v. Tremont Lumber Co.m, Ltd., 140 F.2d 387, 389 (5th Cir. 1944); Thomas v. Arn, 474 US 140 (1985)(quoting United States v. Payner, 447 US 727 (1890)("[e]ven a sensible and efficient use of the supervisory power [of the court] however, is invalid if it conflicts with constitutional or statutory provisions. A contrary result would confer on the judiciary power to disregard the considered limitation of the law it is charged with enforcing.").

    Berger v. United States, 295 US 78, 88 (1935) overruled on other grounds, Stirone v. United States, 361 U.S. 212 (1960)(The United States attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor-indeed, he should do so. But while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

    US v. Kis, 658 F.2d 526 (7th Cir. 1981)("Indeed no more than that [Affidavits] is necessary to make the prima facie case." Id at 536. "Moreover the threshold of relevance is a low one." Id at 537. "The burden is therefore on the Respondent who must come forward with special facts to support a legally sufficient rebuttal or defense." Id at 538-539.

    Groh v. Ramirez, 540 U.S. 551, 563, 564 (2004) "If the law was clearly established . . . a reasonably competent public official should know the law governing his conduct." Citing Harlow v. Fitzgerald, 457

U.S. 800, 818-819 (1982); *State of Ohio v. Davis*, 584 N.E.2d 1192, 1196 (Sup.Ct. Ohio 1992) "<u>Judges, unlike juries, are presumed to know the law</u>."; *Leary v. Gledhill*, 84 A.2d 725, 728 (Sup.Ct. NJ 1951), 497 U.S. 639. "A court will in general take judicial notice of and apply the law of its own jurisdiction without pleading or proof thereof, the judges being deemed to know the law or at least where it is to be found."

*Johnson v. Zerbst*, 304 US 458, 468 ("If the Bill of Rights is not complied with, the court no longer has jurisdictionto proceed. The judgment....pronounced by a court without jurisdiction is void...")

*Melo v. US*, 505 F.2d 1026(1974)("Once jurisdiction has been challenged the court cannot proceed when it clearly appears that the court lacks jurisdiction. The court has no authority to reach merits, but rather, should dismiss the case."

*Joyce v. U.S.*, 474 F.2d 215 (1973)("There is no discretion to ignore lack of jurisdiction).

*Rhode Island v. Massachusetts*, 37 US 657 (1838)(When jurisdiction is challenged, all proceedings must stop and the other party must prove it on the record).

*Johnson v. Zerbst*, 304 US 468 (1974)("If the Bill of Rightss is not complied with, the court no longer has jurisdiction to proceed. The judgment....pronounced by a court without jurisdiction is void."

*Melov v. U.S.*, 505 F.2d 1026. ("Once jurisdiction has been challenged, the court cannot proceed when it clearly appears on the record the court lacks jurisdiction. The court has no authority to reach merits, but is rather, should dismiss the case.")

*Joyce v. U.S.*, 474 F.2d 215 "(There is no discretion to ignore lack of jurisdiction").

*Rhode Island v. Massachussetts*, 37 US. 657 (1838)(When jurisdiction is challenged, all proceedings must stop and the other party must prove it on the record).

*Ex Parte McCardle*, 74 U.S. 506 (1868) (When Due Process is violated, jurisdiction ceases. See also, *Pennoyer v. Neff*, 95 U.S. 714 (1868); *Standard Oil v. Missouri*, 224 U.S. 270 (1912).

## DEFINITIONS

*Mandamus*: An extraordinary writ as defined by FRAP 21. "A writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly." Black's Law Dictionary, Second Pocket Edition, 2001.

*Prohibition*: An extraordinary writ as defined by FRAP 21. "An extraordinary writ issued by an appellate court to prevent a lower court from exceeding its jurisdiction or to prevent a nonjudicial officer or entity from exercising a power." Black's Law Dictionary, Second Pocket Edition.

Petitioner incorporates the Constitutional Provisions, the rulings, the statutes, and the definitions herein in all areas of this petition.

8

## STATEMENT OF THE CASE

The District Court refused to allow Petitioner to challenge the court's jurisdiction, declaring that anything Petitioner presented to the court, no matter how much fact and law supported it, was "frivolous". When the evidence of the largest cover-up in DOJ history was presented, the court declared it "frivolous". When Petitioner was forced to file a lawsuit against the Judge and the prosecutors to protect his civil rights, The judge ignored her conflict of interest and declared the lawsuit "frivolous". A motion for dismissal of the case was presented to the Judge. The judge refused to follow Supreme Court precedent and the Constitution and properly rule in the case.

Since the Motion challenged the court's jurisdiction, it was a threshold issue, and the Court was required to address the issue of its own jurisdiction immediately. Instead, the court abdicated jurisdiction when the Court refused.

Jurisdiction is a threshold issue. The district court cannot proceed until the jurisdiction issue is resolved. Since the district court refuses, Petitioner has no choice but to have the Appellate Court declare that the district court has no jurisdiction over the case.

When asked for proof of her oath of office to act over the court proceedings, the district court judge refused, in violation of *Federal Crop Insurance v. Merrill*, 332 U.S. 380 (1947).

## JURISDICTION

The jurisdiction of the Court of Appeals regarding this Petition comes from:

FRAP 21, Extraordinary Writs

The All Writs Act, 28 USC section 1651.

The District Court's abdication of jurisdiction over the issue.

Article III of the Constitution

<u>The Fundamental Rights of Petitioner</u>

Petitioner, as a citizen, has a fundamental and absolute right to Due Process of law pursuant to the 5th Amendment. Petitioner has, as a citizen, has a fundamental and absolute right of access to the Courts

9

pursuant to the 1st Amendment. Petitioner has, as a citizen, a fundamental and absolute right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed, to be informed of the nature and cause of the accusation, to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to have assistance of counsel for his defense pursuant to the 6th Amendment. Petitioner has, as a citizen, a fundamental and absolute right to be free from cruel and unusual punishment pursuant to the 8th Amendment. This court has a duty to the Constitution to uphold Petitioner's rights and to make sure that inferior courts uphold Petitioner's rights. See *Ward v. Maryland*, 79 U.S. 419, 430 (1870.

## REASON FOR GRANTING THE WRIT

The only court that can resolve the issue of the district court's jurisdiction is the court of appeals. The District Court has abdicated the responsibility and refused to address the issue. Therefore, the District Court has transferred jurisdiction to the Court of Appeals.

The issue of jurisdiction is a threshold issue, and no valid case may be had if the court lacks jurisdiction. The failure of the lower court to immediately address the issue requires the Appellate Court to address the issue.

## HISTORY OF THE CASE

Petitioner never intended to commit any crime nor to harm anyone. Petitioner had no mens rea or willful blindness.

Petitioner was indicted pursuant to 18 USC section 3231, a part of Public Law 80-772.

Based on that investigation and the reliability of the information received, Petitioner sent documents to the Treasury Department and others.

The Grand Jury issued an Indictment on 9/23/13.
A superseding indictment was issued on 10/21/13..

10

Even though subject matter jurisdiction is a threshold issue, the court has failed to stop all proceedings and make findings of fact and law related to the issue.

Petitioner now has no choice but to go to this court to address the issue of jurisdiction.

PETITION FOR WRIT OF MANDAMUS

A.  H.R. 3190 In The First Session Of The 80th Congress

H.R. 3190 was introduced and committed to the Committee of the entire House of Representatives on the State of the Union of the First Session of the 80th Congress entitled "Crimes and Criminal Procedure." See House Report No. 304 (April 24, 1947), p. 1 (App. 67). See also 94 Cong. Rec. D556-D557 (Daily Digest) (charting H.R. 3190) (App. 65-66). H.R. 3190 differed from "five ... bills which ... preceded it ... [because] it constitute[d] a revision, as well as a codification, of the Federal laws relating to crimes and criminal procedure." 93 Cong. Rec. 5048-5049 (May 12, 1947) (App. 45-46). The bill was intended (1) to revise and compile all of the criminal law, (2) to "restate[]" and "consolidate[]" "existing statutes," (3) to "repeal" "obsolete, superseded, redundant and repetitious statutes," (4) to coordinate the Criminal Code with the "Federal Rules of Criminal Procedure" formerly enacted, and (5) to "clarify and harmonize" penalties of the "many acts" passed by Congress which were found to be "almost identical." (Id.) "The bill was ordered to be engrossed and read a third time, was read a third time, and passed" the House on May 12, 1947, id.; Journal of the House of Representatives ("House Journal"), May 12, 1947, pp. 343-344 (App. 4-5); 94 Cong. Rec. D556-D557 (showing H.R. 3190's only passage by the House of Rep. on May 12, 1947), sent to the Senate and there "referred ... to the Committee on the Judiciary." 93 Cong. Rec. 5121, May 13, 1947 (App. 47); Journal of the Senate ("Senate Journal"), May 13, 1947, p. 252 (App. 10).[1]

As passed and enrolled by the House of Representatives H.R. 3190 included at section 3231, Subtitled "District Courts," the following text:

---

[1]  The Senate Journal for May 13, 1947, was approved by the Senate on May 14, 1947, Senate Journal, p. 259 (App. 11), and the House Journal for May 12, 1947, was approved by the House on May 13, 1947. House Journal, p. 346 (App. 6). The Journals of the two Houses are admissible as evidence when properly certified. 28 U.S.C. § 1736. See also House Doc. No. 355, 59th Cong., 2nd Sess., Hinds' Precedents of the House of Representatives, § 2810, p. 34 (G.P.O. 1907) ("Certified extracts of the Journal are admitted as evidence in the courts of the United States.") (App. 85). Cf. Fed. R. Evid. Rule 902(5); see 28 U.S.C. § 2072(a) and (b).

11

> Offenses against the United States shall be cognizable in the district courts of the United States, but nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several states under the laws thereof.

H.R. 3190 as passed by the H. of Rep., p. 367, § 3231 (App. 110). See United States v. Sasscer, 558 F. Supp. 33, 34 (D.MD. 1982).

On July 27, 1947, Congress adjourned without the Senate passing H.R. 3190. See 93 Cong. Rec. 10439, 10522 (July 26, 1947) (App. 48-49). On November 17, 1947, Congress reconvened pursuant to a Presidential proclamation. Yet, Congress again "adjourned *sine die* on December 19, 1947," without the Senate passing H.R. 3190. Kennedy v. Sampson, 511 F.2d 430, 444 Appendix n. 4 (D.C. Cir. 1974).

    B.        H.R. 3190 In Second Session Of The 80th Congress

The Senate Committee on the Judiciary reported amendments to H.R. 3190 on June 14, 1948, under Sen. Rep. No. 1620. 94 Cong. Rec. 8075 (June 14, 1948) (App. 50); Senate Journal, June 14, 1948, p. 452 (App. 34).[2] Sen. Rep. No. 1620 contained "a large volume of amendments" and "the new Federal Rules of Criminal Procedure [were] keyed to the bill and [were] reflected in part II of [the new proposed] title 18." Heralding that, upon passage of the amended bill, "[u]ncertainty will be ended," the Senate wanted "the amendments adopted en bloc," including a new jurisdictional section for Title 18. 94 Cong. Rec. 8721 (App. 51). The report contained only the proposed amendments. See Sen. Rep. No. 1620, pp. 1 & 4 (App. 103-104).

"[T]he amendments were considered and agreed to en bloc" and then "ordered to be engrossed." 94 Cong. Rec. 8721-8722 (June 18, 1948) (App. 51-52), Senate Journal, June 18, 1948, p. 506 (H.R. 3190, "as amended," passed the Senate) (App. 37). It was moved that "the Senate insist upon its amendments" by the House (94 Cong. Rec. at 8722); and "[o]rdered that the Secretary request the concurrence of the House of Representatives in the amendments." Senate Journal, supra, p. 506; House Journal, June 18, 1948, p. 688 (App. 16).

---

[2]    The Senate approved its Journal for June 14, 1948. Senate Journal, June 15, 1948, pp. 461-462 (App. 35-36).

The House received the proposed amendments. The Clerk "read the Senate amendments" collectively into the record with which the House concurred. 94 Cong. Rec. 8864-8865 (June 18, 1948) (App. 53-54); House Journal, June 18, 1948, p. 704 (the "said Senate amendments were concurred in") (App. 17). Although "[t]he House agreed to the amendments to … H.R. 3190," Senate Journal, June 18, 1948, p. 510 (App. 38), no action was taken on H.R. 3190 as amended.[3] The Journal of the House of Representatives is devoid of any vote on H.R. 3190 itself on June 18, 1948, and thereafter through adjournment on June 20, 1948. Moreover, the official historical chart of H.R. 3190 clearly shows the *only* passage by the House of Representatives occurring on May 12, 1947, and specifically references volume 93, page 5048 of the Congressional Record as the recorded date the House passed the bill. 94 Cong. Rec. D556-D557 (Daily Digest).

THE FOLLOWING ISSUES HAVE BEEN RESOLVED IN THIS CASE

Petitioner was charged with violation of federal law pursuant to 18 USC section 3231.

18 USC section 3231 is the only authority the lower courts have to exercise jurisdiction over a criminal case. See Public Law 80-772. Without authority pursuant to 18 USC section 3231, the district court has no authority to hear the underlying case.

According to the In Toto Doctrine, if Public Law 80-772 is invalid, 18 USC section 3231 is likewise invalid.

The Supreme Court is the only court authorized by the Constitution.

It is the Supreme Court's prerogative alone to overturn their own precedent.

The Supreme Court authorized Congress to create lower (inferior) courts as deemed necessary. Article II, Section 2, Constitution.

Under the Rule of Stare Decisis, the Constitution is the lead authority of law in the United States, followed then by the Supreme Court.

---

[3] The House approved the Journal for June 18, 1948, House Journal, p. 714 (June 19, 1948, approving Journal for "legislative day of … June 17, 1948" – *i.e.*, calendar day of June 18, 1948) (App. 18); id. at p. 669 (showing Friday, June 18, 1948, as "legislative day of Thursday, June 17, 1948") (App. 15), and the Senate approved its Journal for June 18, 19 and 20, 1948. Senate Journal, July 26, 1948, p. 593 (App. 44).

13

The Supreme Court, then followed by the Courts of Appeals, have the right to interpret what the Constitution means. See Article III, Section 1, of the Constitution.

The inferior courts are only authorized to act according to the Constitution, the Supreme Court precedent, and the valid laws enacted by Congress.

A lower inferior court has no authority to overturn the Constitution, and no authority to overturn Supreme Court precedent.

The court cannot take jurisdiction pursuant to the prior statute in 1940, 18 USC section 546, because that statue was repealed in 1948.

The court cannot take jurisdiction pursuant to the prior statute in 1909 because that would be in violation of the Fair Warning Doctrine.

The court or government cannot use the Enrolled Bill Rule pursuant to the ruling in *Marshall Field v. Clark*, 143 US 649 (1892), because that Rule was distinguished or overruled by *Clinton v. New York*, 524 US 417 (1998) and *United States v. Munoz-Flores,* 495 US 385 (1990), when the Supreme Court ruled that the Enrolled Bill Rule only applied to non-constitutional violations.

*United States v. Ballin, Joseph & Co.*, 144 U.S. 1, 3 (1892) is the only Supreme Court case that has determined the quorum issue (in order for any bill to be valid, the journals of both Houses must show that it was passed in the presence of a Quorum).

Article I, Section 5, Clause 1, of the Constituion requires a Quorum to be in place in Congress for Congress to legally do business.

Petitioner takes mandatory judicial notice pursuant to FRE 201 of 93 Cong. Record 9049. On May 12, 1947, a voice vote of 38 to 6 was held by the House on Public Law 80-772. 218 members of the House were required to be entered to show that a quorum was present.

18 USC section 4001(a) forbids anyone to imprison a citizen except through a valid act of Congress.

14

Thus, Public Law 80-772 was never passed into law since no quorum was in place on May 12, 1947 for the House for a vote on Public Law 80-772, the only vote taken by the House, rendering 18 USC section 3231 invalid and the Court without jurisdiction to prosecute.

Petitioner discovered the evidence that the Department of Justice had investigated Public Law 80-772 and discovered it unconstitutional, then covered up the evidence and continued to prosecute and illegally imprison citizens.

When notified of the cover-up, the district court judge participated in the cover-up, acted as a second prosecutor, and blocked Petitioner from obtaining relief.

## CONCLUSION

The District Court has transferred jurisdiction to the Court of appeals on the issue presented. The Court of Appeals must rule on the issue. The issue is complete. Only one case in the Supreme Court deals with the Quorum issue of the Constitution. Only one fact is necessary to prove the government has no jurisdiction. Petitioner has established as a matter of fact that the Department of Justice knew no jurisdiction exists, and participated in a massive cover-up to illegally imprison citizens of the United States. Petitioner has established, as a matter of fact, that the district court judge is now participating in this cover-up. Petitioner has established as a matter of law that this court must issue an order declaring the indictment and all proceedings related to the indictment null and void, ab initio

## PRAYER FOR RELIEF

Petitioner moves this court to:

Declare Public Law 80-772;

Declare judicial bias in this case;

Stay all proceedings pending a ruling on this petition;

Order that Petitioner is actually innocent as a matter of law;

And for such other and further relief as the court deems just and proper.

Respectfully submitted,

John Joseph Pawelski

## JURAT

On this the 7th day of November I, John Joseph Pawelski, certified that the facts presented herein are true and correct.

John Joseph Pawelski

## CERTIFICATE OF SERVICE

On this the 7th day of November, a true and correct copy of the foregoing was served on opposing counsel and the District Court of the District of Colorado, Denver Division.

John Joseph. Pawelski