UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Judge Christine M. Arguello

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2014 DEC -8  PM 2: 16

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Criminal Case No. 13-cr-00392-CMA-2

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| Plaintiff/Respondent | § |
| V | § |
| GEORGE THOMAS BROKAW | § |
| JOHN J. PAWELSKI, and | § |
| MIMI M. VIGIL | § |
| Defendants | § |
| | § |

MOTION FOR RECONSIDERATION OF COURT ORDER

OF  11/24/14 AND REQUEST FOR FINDINGS OF FACT AND LAW

Comes now Petitioners, george-thomas: brokaw, john-joseph: pawelski and mimi-michelle: vigil all state citizens and moves the court for reconsideration of its order of November 24, 2014, received by Petitioners on November 27, 2014.

A.  The Court's Order Misquotes the Law and the Facts

As a threshold issue, Petitioners filed joinders and are now on a certiorari in the Supreme Court challenging the jurisdiction of this court as well as the violations of *Brady v. Maryland*, 373 U.S. 83 (1963) and the Clean Hands Doctrine.  No. 14-527, *Moleski v. United States*,  for concealing and participating in the cover-up by the Department of Justice of their own investigation which proved that Public Law 80-772 was unconstitutional. It is a misuse of scarce

1

judicial resources for the court to proceed with sentencing when the case could be dismissed pending the resolution of *Moleski*.

Specific responses to the order:

As the court so stated, FRCrimP 33(a) allows a Motion for New Trial "if the interest of justice so requires."

In this case, the "interest of justice" standard requires a new trial, as will be proven herein. The "interest of justice refers generally to the cause of fairness and equity used when a judge has discretion to make a ruling

The court cited United *States v. Herrerra*, 481 F.3d 1266, 1269-1270 (10th Cir. 2007). Page 1. "a new trial is committed to the sound discretion of the trial court." *United States v. Kelley*, 929 F.2d 582, 586 (10th Cir. 1991).

The abuse of discretion standard applies to the court's order. Petitioners are not barred from seeking the relief sought. A district court by definition abuses its discretion when it makes an <u>error of law</u>. *Koon v. U.S.* 518 U.S. 81, 100 (1996).

In this case, the court made two errors of law. The district court, when presented with the evidence that it had no jurisdiction, <u>abused its discretion</u> as described below.

The district court, when presented with the evidence that the Department of Justice knowingly covered up the evidence of their own investigation that the court had no jurisdiction violated the Separation of Powers Doctrine, the Constitution and Supreme Court precedent.

Next, court claims the arguments are patently frivolous and legally meritless. The court cites *Ford v. Pryor*, 552 F.3d 1174, 1177 n.2 (10th Cir. 2008). *Ford v. Pryor* has nothing to do with Petitioners' case. The arguments in Ford have nothing to do with Petitioners' claims. The court

2

tries to claim that Petitioners' presented frivolous tax-protestor arguments.  First, Petitioners did not present tax protestor arguments.  The arguments presented are based on the law and the case.

**B.  The Court is Requested to Adopt Petitioners' Findings of Fact and Law as Those**

**of the Court**

Petitioner judicially notices the facts and law.

1.  The court obtains its jurisdiction to prosecute this case pursuant to 18 USC §3231.

2.  No quorum existed on May 12, 1947 when the House of Representatives voted 38 to 6 to pass Public Law 80-772 when a quorum required 51% of the 435 members.  93 Cong. Rec. 5049.

3.  Article I, Section 5, Clause 1, is the quorum clause of the Constitution, which requires a quorum to be present in both houses of Congress to pass a bill.

4.  The only Supreme Court case that ruled on the quorum issue is *United States v. Balin, Joseph & Co.*, 144 U.S. 1, (1892)(in order for any bill to be valid the Journals of both Houses must show that it was passed in the presence of a quorum).

5.  The House vote on May 12, 1947 was a voice vote.  93 Cong. Rec. 5049.

6.  A voice vote is only valid when the journal shows that a quorum is present.

7.   It is unlawful for the Speaker of the House to sign an enrolled bill in the absence of a Quorum.

8.  The Department of Justice performed an investigation of Public Law 80-772 in

2008 and 2009 and discovered it was unconstitutional.

9. Harley Lappin, director of the Bureau of Prisons emailed a Memorandum to

staff on July 27, 2009 after the Department of Justice's investigation at 3:17 P.M. from

harley.lappin@usdoj.gov advising staff that Public Law 80-772 was unconstitutional but that the

Bureau of Prisons was going to exercise their discretion to keep people in prison.

10. Harley Lappin committed perjury when he signed a Declaration under the

penalty of perjury in the Western District of New York stating that he never issued the

Memorandum of July 27, 2009.

11. The prosecutors in this case violated 18 USC § 3, Accessory After the Fact, when

they prosecuted this case, when they knew or should have known that Public Law 80-772 is

unconstitutional.

12. The prosecutors violated *Brady v. Maryland*, 373 U.S. 83 (1963) and the Clean

Hands Doctrine

13. The transcripts and docket sheet and facts presented herein in this case establish

judicial bias, in violation of 28 USC 453, 454, and 455.

14. The Rule of Stare Decisis governs this case. Failure to follow the rule of Stare Decisis
is abuse of discretion.

15. The Supreme Court in *Carol Ann Bond v. United States*, 131 S. Ct. 2355 (2011),

Ginsberg, J., concurring stated:

"I join the Court's opinion and write separately to make the following observation. *Bond*, like any other defendant, has a personal right not to be convicted under a constitutionally invalid law. See Fallon, As-Applied and Facial Challenges and Third-Party Standing, 113 Harv. L. Rev. 1321, 1331–1333 (2000); Monaghan, Overbreadth, 1981 Sup. Ct. Rev. 1, 3. See also *North Carolina v. Pearce*, 395 U. S. 711, 739 (1969) (Black, J., concurring in part and dissenting in part) ("Due process . . . is a guarantee that a man should be tried and convicted only in accordance with valid laws of the land.").

In this case, *Bond* argues that the statute under which she was charged, 18 U. S. C. §229, exceeds Congress' enumerated powers and violates the Tenth Amendment. Other defendants might assert that a law exceeds Congress' power because it violates the Ex Post Facto Clause, or the Establishment Clause, or the Due Process Clause. Whatever the claim, success on the merits would require reversal of the conviction. "An offence created by [an unconstitutional law]," the Court has held, "is not a crime." *Ex parte Siebold*, 100 U. S. 371, 376 (1880). "A conviction under [such a law] is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment." Id., at 376–377. If a law is invalid as applied to the criminal defendant's conduct, the defendant is entitled to go free.

For this reason, a court has no "prudential" license to decline to consider whether the statute under which the defendant has been charged lacks constitutional application to her conduct. And that is so even where the constitutional provision that would render the conviction void is directed at protecting a party not before the Court. Our decisions concerning criminal laws infected with discrimination are illustrative. The Court must entertain the objection—and reverse the conviction—even if the right to equal treatment resides in someone other than the defendant. See *Eisenstadt v. Baird*, 405 U. S. 438, 452–455 (1972) (reversing conviction for distributing contraceptives because the law banning distribution violated the recipient's right to equal protection); cf. *Craig v. Boren*, 429 U. S. 190, 192, 210, and n. 24 (1976) (law penalizing sale of beer to males but not females aged 18 to 20 could not be enforced against vendor). See also *Grayned v. City of Rockford*, 408 U. S. 104, 107, n. 2 (1972); Welsh v. United States, 398 U. S. 333, 361–362 (1970) (Harlan, J., concurring in result) (reversal required even if, going forward, Congress would cure the unequal treatment by extending rather than invalidating the criminal proscription).

In short, a law "beyond the power of Congress," for any reason, is "no law at all." *Nigro v. United States*, 276 U. S. 332, 341 (1928). The validity of *Bond's* conviction depends upon whether the Constitution permits Congress to enact §229. Her claim that it does not must be considered and decided on the merits."

16.  For a court to declare a filing frivolous the court must make findings of facts and law.  FRCP 52(a) and 54(b).

5

## C. Conclusion

The facts of this case establish that structural error has occurred. The court violated 28 U.S.C. 453, 454, and 455 when they acted without jurisdiction. The court had no jurisdiction over the case because Public Law 80-772 and 18 U.S.C. § 3231 are unconstitutional. The prosecutors in the case committed structural error when they failed to disclose their own investigation of the unconstitutionality of Public Law 80-772, in violation of Brady and the Clean Hands Doctrine.

## D. Prayer for Relief

Petitioners pray the court to:

Declare Structural Error has occurred in this case;

Declare the Court had no jurisdiction to prosecute the case;

Declare Petitioners are actually innocent as a matter of law;

Alternatively, grant a New Trial in the case;

And for such other and further relief as the Court deems just and proper.

Respectfully submitted,

george-thomas: brokaw

john-joseph: pawelski

mimi-michelle: vigil

JURAT

Pursuant to 28 U.S.C. § 1746, I certify under the penalty of perjury that the facts stated herein are true and correct.

6

## CERTIFICATE OF SERVICE

On this the 8th day of December, 2014, a true and correct copy of the foregoing was served on opposing counsel by hand delivery.

george-thomas: brokaw

john-joseph: pawelski

mimi-michelle: vigil