FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 14 2015

JEFFREY P. COLWELL
CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

DENVER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
|     Plaintiff | § |
| | § |
| v. | § |
| | § |
| John Joseph Pawelski | § |
| | § |
| George Thomas Brokaw | § |
| | § |
| Mimi Michelle Vigil | § |
| | § |
|     Petitioners/Defendant | § |
| | § |
|     Defendants | § |
| | § |

## OBJECTION TO PROPOSED PRESENTENCING INVESTIGATION REPORT

Comes now Defendants and file this objection to the proposed Presentencing Report filed on 12/26/14.

**A. The Probation Officer Used the Wrong Statute to Calculate the Report**

It has already been established by judicial noticed facts and law that the Public Law 80-772 is unconstitutional. However, so the Probation Officer will use the proper statute to determine the Presentence Investigation Report, Defendants are judicially noticing the facts and law again.

**A. The Facts and Law Are Judicially Noticed**

    1. **Courts May Take Judicial Notice Pursuant to FRE 201**

Courts may take judicial notice of facts that are "not subject to reasonable dispute," such as when they can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). Judicial notice of such documents is appropriate "at any stage of the proceeding," 201(d),

### 2. If it is Subject to Judicial Notice, Then it is Taken as True

In *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002), citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) "Nor must we '*accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.*'"

### 3. Judicial Notice is Proof being Superior to Evidence

"In *Southern Cross Overseas Agencies v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, [426] (3d Cir.1999), we noted that judicial proceedings constitute public records and that courts may take judicial notice of another court's opinions. *Id.* at 426. * *

In *Beadnell v. United States*, 303 F.2d 87, 89 (1962) "Proof of facts judicially known was unnecessary. FN 5 (cites omitted)." See *Mills v. Denver Tramway Corp.*, 155 F.2d 808, 811 (10th Cir. 1946).

### B. Judicial Notice is Taken of the Facts in this Case

<u>93Cong.Rec.5049</u>: There is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House of Representatives. The vote was 38 to 6, A voice vote occurred when 218 members (a quorum), were required to be in the House at the time of the vote.

<u>Verified letter</u> from Jeff Trandahl, Clerk, U.S. House, 6/28/2000: "Dear Mr. Degan: Thank you for your letter requesting information on Title 18. In response to your inquiry, <u>Congress was in session on June 1, 3, 4, 7-12 and 14-19, 1948, however, Title 18 was not voted on at this time…</u>."

<u>Verified letter</u> from Karen Haas, Clerk, U.S. House 8/30/3006: "<u>Yes, the Speaker of the House did sign bill HR 3190 in the absence of a quorum.</u>

<u>Verified letter</u> from Karen Haas, Clerk, U.S. House, 9/11/2006: "After conducting a thorough examination of the journals, <u>I found no entry in the journal of the House of any May 12, 1947 vote on the H.R. 3190 bill…. The Senate took no action</u> on the H.R. 3190 bill prior to the December 19, 1947 sine die adjournment. Page 5049 of the Congressional

Record, 80th Congress, 1st Session indicates 44 Members voting 38 to 6 to amend H.R. 3190 on May 12, 1947. <u>Therefore, by counting the total yea and nay vote a quorum was not present.   According to House Rules, when less than a majority of a quorum votes to pass a bill, the journal must show the names of Members present but not voting.  I found no record of any names for the May 12, 1947 vote....</u>"

<u>Verified letter</u> from Nancy Erickson, Secretary of the Senate, 3/09/2009"....Thank you for your recent letter requesting confirmation on the status of H.R. 3190 from the 80th Congress.   I asked the Senate Historian's office to review the correspondence you enclosed, and they were able to verify that <u>no action was taken by the Senate on H.R. 3190 prior to the December 19, 1947 sine die adjournment.</u>  I

<u>Verified letter</u> from Lorraine Miller, Clerk, dated August 24, 2010:
"Thank you for contacting the Office of the Clerk.  Our office has conducted research of the House Journal and the Congressional Record in regards to HR 3190 and the voice vote that was taken on May 12, 1947.  <u>After researching these official proceedings of the US House of Representatives we have been unable to find the names of the 44 Members who responded to the voice vote....</u>

<u>Independently verified</u> Memorandum from Harley G. Lappin: "From: 'Harley G. Lappin' <Harley.lappin@usdoj.gov>. Sent: Monday, July 27, 2009 3:17 PM. Logo for U.S. Department of Justice.

> "Attention all Department Heads, there has been a large volume of inmate Requests for Administrative Remedies questioning the validity of the Bureau's authority to hold or classify them under 18 U.S.C. §§ 4081, et seq., (1948).  On the claim that Public Law 80-772 was never passed or signed in the presence of a Quorum or Majority of both Houses of Congress as required by Article I, § 5, Clause 1 of the Constitution.  Although most courts have, thus far, relief on Field v. Clark, 143 U.S. 649 (1892) to avoid ruling on the merits of these claims, however, there have been some which have stated that they were not bound by the Field case, but these cases did not involve any Quorum Clause challenge.  So out of an abundance of caution, I contacted the <u>Office of Legal Counsel, the National Archives</u> and the <u>Clerk of the House of Representatives to learn that there is no record of any quorum being present during the May 12, 1947 vote on the H.R. 3190 Bill in the House (See 93 Cong.Rec. 5049), and the record is not clear as to whether there is was any Senate vote on the H.R. 3190 Bill during any session of the 80th Congress.</u>  There is only one Supreme Court case that says <u>in order for any bill to be valid the Journals of both Houses must show that it was passed in the presence of a Quorum.</u>  See United States v. Balin, Joseph & Co., 144 U.S. 1, 3 (1892).  The Clerk of the House states that the May 12, 1947 vote was a '*voice vote*.' Bu the Parliamentarian of the House states that a voice vote is only valid when the Journal shows that a quorum is present and that it's unlawful for the Speaker of the House to sign any enrolled bill in the absence of a quorum.  On May 12, 1947, a <u>presence of 218 Members</u> in the hall of the House <u>was required</u> to be entered on the Journal in order for the 44 Member 38 to 6

voice vote to be legal.  It appears that the 1909 version of the Federal Criminal Code has never been repealed.  Therefore, in essence, <u>our only true authority is derived from the 1948 predecessor to Public Law 80-772.</u>  "Although adjudication of the constitutionality of congressional enactments has generally been thought to be beyond the jurisdiction of federal administrative agencies, this rule is not mandatory," according to the Supreme Court in the case of Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 215 (1994).  Therefore, the Bureau under the advice of the Legal Counsel feels that it is in the best interest of public safety to continue addressing all of these Administrative Remedy Request by stating that <u>only the Congress or courts can repeal or declare a federal statute unconstitutional.</u>  Signature. Harley G. Lappin. Director, Federal Bureau of Prisons."

C. <u>Judicial Notice of the Law</u>

*United States v. Ballin, Joseph & Co.*, 144 U.S. 1, 3 (1892)((in order for any bill to be valid the Journals of both Houses must show that it was passed in the presence of a Quorum).

Article I, Section 5, Clause 1 of the Constitution:  "Each House shall be the judge of the elections, returns and qualifications of its own members, and a majority of each shall constitute a quorum to do business; but a smaller number may adjourn from day to day, and may be authorized to compel the attendance of absent members, in such manner, and under such penalties as each House may provide.

*State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997)("it is this Court's prerogative alone to overrule its own precedent").

*Carol Ann Bond v. United States*, 131 S.Ct. 2355 (2011).

JUSTICE GINSBURG, with whom JUSTICE BREYER joins, concurring.

I join the Court's opinion and write separately to make the following observation. Bond, like any other defendant, has a personal right not to be convicted under a constitutionally invalid law. See Fallon, As-Applied and Facial Challenges and Third-Party Standing, 113 Harv. L. Rev. 1321, 1331–1333 (2000); Monaghan, Overbreadth, 1981 Sup. Ct. Rev. 1, 3. See also North Carolina v. Pearce, 395 U. S. 711, 739 (1969) (Black, J., concurring in part and dissenting in part) ("Due process . . . is a guarantee that a man should be tried and convicted only in accordance with valid laws of the land.").

In this case, Bond argues that the statute under which she was charged, 18 U. S. C. §229, exceeds Congress' enumerated powers and violates the Tenth Amendment. Other defendants might assert that a law exceeds Congress' power because it violates the Ex Post Facto Clause, or the Establishment Clause, or the Due Process Clause. Whatever the claim, success on the merits would require reversal of the conviction. "An offence created by [an

unconstitutional law]," the Court has held, "is not a crime." Ex parte Siebold, 100 U. S. 371, 376 (1880). "A conviction under [such a law] is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment." Id., at 376–377. If a law is invalid as applied to the criminal defendant's conduct, the defendant is entitled to go free.

For this reason, a court has no "prudential" license to decline to consider whether the statute under which the defendant has been charged lacks constitutional application to her conduct. And that is so even where the constitutional provision that would render the conviction void is directed at protecting a party not before the Court. Our decisions concerning criminal laws infected with discrimination are illustrative. The Court must entertain the objection—and reverse the conviction—even if the right to equal treatment resides in someone other than the defendant. See Eisenstadt v. Baird, 405 U. S. 438, 452–455 (1972) (reversing conviction for distributing contraceptives because the law banning distribution violated the recipient's right to equal protection); cf. Craig v. Boren, 429 U. S. 190, 192, 210, and n. 24 (1976) (law penalizing sale of beer to males but not females aged 18 to 20 could not be enforced against vendor). See also Grayned v. City of Rockford, 408 U. S. 104, 107, n. 2 (1972); Welsh v. United States, 398 U. S. 333, 361–362 (1970) (Harlan, J., concurring in result) (reversal required even if, going forward, Congress would cure the unequal treatment by extending rather than invalidating the criminal proscription).

In short, a law "beyond the power of Congress," for any reason, is "no law at all." Nigro v. United States, 276 U. S. 332, 341 (1928). The validity of Bond's conviction depends upon whether the Constitution permits Congress to enact §229. Her claim that it does not must be considered and decided on the merits.

### D. The Judge in this Case is Presumed to Be Biased

This case potentially affects tens of thousands of federal prisoners by challenging the district courts' jurisdiction to adjudicate *every* federal criminal offense coming before them pursuant to 18 U.S.C. § 3231. The effects will reach matters of national and international concern involving the integrity of the legislative and judicial branches. Finally, federal district court judges have a potential conflict of interest precluding them from hearing the claims presented by 28 U.S.C. § 455 and Due Process of Law. That conflict of interest has now been proven by lower court rulings which create bad law, attempt to protect the Department of Justice's known cover-up of their own investigation of Title 18 now judicially noticed (by far, the biggest cover-up, effecting the largest number of people), and by abdicating their oaths of office.

Although not "political questions" in themselves and resolvable by the federal courts, INS v. Chadha, 462 U.S. 919, 940-943 (1983), they carry "significant political overtones" or "political implications" upon "'which depend public and private interests of vast magnitude.'" Id., 462 U.S. at 942 and 943 (citing Marbury v. Madison, 5 U.S. (1 Cranch.) 137 (1803) and, quoting Marshall Field & Co. v. Clark, 143 U.S. 649, 669-670 (1892)).

The experience in attempting to obtain relief in the district and appellate courts has been one of ridicule. Although the facts and law are judicially noticed, and prove irrefutably that the district and appellate courts have no jurisdiction, the lower courts are ignoring the Constitution, the Supreme Court, their own oaths of office, 28 USC §§ 453, 454, and 455.

Clear evidence now exists that the District Court judge is ignoring the law for her own personal benefits.

E.  The PSI Must Be Corrected to Use the Appropriate Statute

As judicially noticed, the DOJ's own investigation proved that 18 USC § 3231 is unconstitutional, and the DOJ and the court obtain their jurisdiction only from the 1909 statute (the 1940 statute was repealed in 1948.

President Truman signed into law Public Law 80-773 enacting into positive law Title 28, United States Code. Act of June 25, 1948, Ch. 646, § 1, 62 Stat. 869. That Act positively repealed the former criminal jurisdiction granted to the district courts (1940). id., § 39 et seq., 62 Stat. 991 et seq. (positive repeal listing former 28 U.S.C. § 41, ¶ 2 in schedule of repealed statutes).

The 1909 statute had a different series of crimes listed and granted good time of 10 days a month and parole after 1/3 of your sentence.

Since jurisdiction of the court only exists under the 1909 statute, and that fact is now judicially noticed, based on the DOJ's own investigation, the court must order the PSI redone based on the 1909 criminal statute.

Respectfully submitted,

_____
John Joseph Pawelski

_____
George Thomas Brokaw

_____
Mimi Michelle Vigil

**JURAT**

On this the _____ day of _____, We, John Joseph Pawelski, George Thomas Brokaw, Mimi Michele Vigil, certify that the facts stated herein are true and correct under the penalty of perjury pursuant to 28 USC section 1746.

## CERTIFICATE OF SERVICE

On this the 12th day of January 2015, a true and correct copy of this motion was served by mail, postage prepaid to the clerk of the court with who will submit copies to opposing counsel and all parties involved in this case, sent by first class mail, postage prepaid.

_____
John Joseph Pawelski

_____
George Thomas Brokaw

_____
Mimi Michelle Vigil