**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.   13-cr-00392-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    1.     George Thomas Brokaw,
    2.     John J. Pawelski, and
    3.     Mimi M. Vigil,

      Defendants.

---

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED. R. CRIM. P. 33 AND 34 [DOC. 420]**

---

      Pro Se Defendants George Thomas Brokaw, John J. Pawelski, and Mimi M. Vigil seek an order from this Court for a new trial, pursuant to Fed. R. Crim. P. 33, and for dismissal of this case pursuant to Fed. R. Crim P. 34.   The defendants are not entitled to any relief under either rule, and therefore, their motion should be denied.

      **Defendants' Claim for Relief Pursuant to Fed. R. Crim. P. 34 is Time-Barred**

      Defendants assert that Rule 34 of the Federal Rules of Criminal Procedure provides a basis for dismissal of this case "if the court does not have jurisdiction of the charged offense."   Doc. 420 at 1 (citing Fed. R. Crim. P. 34).   Rule 34 actually allows a court to arrest judgment, not to dismiss a case as the Defendants request.   However, Rule 34(b) also provides that a motion filed pursuant to this rule must be filed "within 14

1

days after the court accepts a verdict or finding of guilty . . . ."   Here, the jury verdicts convicting the defendants of all counts were returned on November 7, 2014, Doc. 367, but Defendants' motion was filed on February 18, 2015.   The time limit set out in Rule 34 "is mandatory and jurisdictional."   *United States v. Hurd,* No. 98-7129, 1999 WL 285921, at *1 (May 7, 1999) (citing *Rowlette v. United States,* 392 F.2d 437, 438-39 (10th Cir. 1968)); *see also United States v. Johnson,* No.09-30099, 2010 WL 338023, at * 1 n.1 (5th Cir. 2010) (effective December 1, 2009, the time limit set forth in Fed. R. Crim. P. 34(a) was revised from seven to fourteen days).   In other words, the Court no longer has jurisdiction over Defendants' untimely Rule 34 motion.

Even if not time-barred, there is no basis for defendants' assertion, once again, that this Court lacks jurisdiction over this case.   Doc. 420 at 11-12.   This issue has been briefed, and the Court has denied this claim.   *See* Docs. 103 (Pawelski), 148 and 215 (Brokaw), 174 and 183 (government's responses), and 217 (Court's order).

### Defendants are not Entitled to a New Trial Pursuant to Fed. R. Crim. P. 33

A motion for a new trial is disfavored and should only be granted "with great caution."   *United States v. Herrera*, 481 F.3d 1266, 1269-70 (10th Cir. 2007); *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999).   A new trial motion based on alleged trial errors should be denied when the underlying claims of error have no merit. *See United States v. Bowling*, 619 F.3d 1175, 1187 (10th Cir. 2010).

It appears Defendants' motion for a new trial is based on the following claims:   1) the Court violated numerous amendments to the Constitution in violation of their Due Process rights; 2) the Court committed structural error through a) the concealment of

2

evidence; b) judicial bias; c) allegedly receiving financial benefits; and d) failing to take judicial notice of facts and law; and 3) the prosecution concealed material evidence. Doc. 420 at 3-16.

The government responds to these claims as best it can as follows:

### 1)  Due Process Claims are Without Support

Defendants summarily assert that the Court "violated Due Process in violation of the 1st, 4th, 5th, 6th, and 8th Amendment rights to the Constitution."   Doc. 420 at 3. Defendants offer nothing in support of this claim, and it should be denied.   The Tenth Circuit Court of Appeals has repeatedly held that bald conclusions, unsupported by allegations of fact, are legally insufficient and that pleadings containing such conclusory language may be summarily dismissed.   *See Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir.1981) ("Constitutional rights allegedly invaded . . . must be specifically identified. Conclusory allegations will not suffice") (citation omitted); *Lorraine v. United States,* 444 F.2d 1 (10th Cir.1971) (same).

### 2)   No Structural Error Occurred

Defendants claim numerous structural errors occurred during their trial.   A structural error is defined by the Supreme Court as a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Arizona v. Fulminante,* 499 U.S. 279, 309 (1991).   Such errors "are rare indeed."   *United States v. Pursley,* 550 Fed. Appx. 575, 579 (10th Cir. 2013).   Structural errors must affect "the entire conduct of the trial from beginning to end and deprive the defendant of basic protections, without which a criminal trial cannot reliably serve the function as a vehicle for

3

determination of guilt or innocence." *Id.* (citing *United States v. Pearson,* 203 F.3d 1243, 1260 (10th Cir. 2000)).   Defendants assert the following alleged errors amount to structural error warranting a new trial:

### a)  The Court Allegedly Concealed Evidence

Defendants claim that the Court "intentionally concealed evidence of the concealment of the investigation and determination by the department of justice that the doj [sic] had investigated and determined that the court had no jurisdiction pursuant to Title 18 (1948)."   Doc. 420 at 5.

Defendants have offered no evidence to support this allegation, and no such thing occurred in any event.   The Department of Justice never determined that the Court lacked jurisdiction pursuant to Title 18 or any other provision.   There was no investigation for the Court to conceal.   There is no merit to this baseless assertion, and it must be denied.

### b)  The Court was Biased

After asserting they were entitled to an "impartial judge," *id.* at 5, Defendants claim that this right was violated because "the prosecutor and the judge intentionally ignored the law and proceeded without jurisdiction."   *Id.*   This conclusory, unsupported claim must be denied.   *Wise,* 666 F.2d at 1333.[1]

---

[1]  Notably, Defendant Vigil, through counsel, previously raised the issue of a possible bias of this Court based upon the Court's alleged prior acquaintanceship with Ms. Vigil through the Hispanic Chamber of Commerce.   Doc. 233.   The Court denied any such bias, given that the Court was never a member of the Hispanic Chamber of Commerce.   Doc. 236.

4

### c)   The Court Allegedly Received Financial Benefits

Defendants devote over four pages to their claim that a federal statutory scheme allows the federal government to pay "incentive awards" to judicial officers. Doc. 420 at 7-11, 10.   Without offering any factual support, Defendants claim that this Court "received financial benefits for obtaining a conviction in this case." *Id.* at 7. Defendants then proceed to recite numerous statutes which they allege allow for cash awards to government employees.

Even accepting as true Defendants' claim that there is a statutory basis for cash awards to government employees, there is no evidence whatsoever to believe that any such payments occurred in this case – to the court, government counsel, or agents. Accordingly, this baseless claim must be denied.

### d)  The Court Did Not Fail to Take Judicial Notice of Facts and Law

It is clear that at trial, a court can take judicial notice of a fact "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."   Fed. R. Evid. 201.   Rule 201 "governs judicial notice of an adjudicative fact only."   *Id.*   Adjudicative facts "are simply the facts of the particular case."   *O'Toole v. Northrop Grumman Corp.,* 499 F.3d 1218, 1224 (10th Cir. 2007).   Rule 201 has no application to legislative facts, which are facts that "have relevance to legal reasoning and the lawmaking process; they are established truths, facts or pronouncements that do not change from case to case but apply universally." *United States v. Wolny*, 133 F.3d 758, 764 (10th Cir. 1998) (citations omitted).

5

Defendants demand that the Court now take judicial notice of a matter allegedly appearing in the congressional record, numerous letters, a memorandum, and a number of cases.   Doc. 420 at 14-16.   These are not adjudicative facts, and Defendants did not request at trial that the Court take judicial notice of any of these items.   Instead, all of the items listed pertain to legislative facts related to Defendants' claim that this Court lacked jurisdiction to hear this case.   The Court is tasked with satisfying for itself that jurisdiction is appropriate.   *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d. 1179, 1182 (10th Cir. 2000).   Defendants' assertions underlying their claim that the Court lacks jurisdiction are not universally applicable truths or facts and this Court is not now, in the context of a Rule 33 motion, required to judicially notice their fanciful claims.   For these reasons, their claim of error based on failure to take judicial notice fails.

### 3)   The Prosecution Did Not Conceal Material Evidence

Defendants next claim that within "the files of the government exists evidence that the IRS routinely accepted 1099oids [sic] and which would have proven that the actions of Petitioners were correct."   Doc. 420 at 16.   The Court need not look to the files of the government to determine that the IRS routinely accepted Forms 1099-OID; the trial evidence, through the testimony of IRS employee Kristy Morgan and numerous bank officials, established when the filing of a Form 1099-OID is appropriate.   The trial evidence demonstrated, however, that the actions of Defendants did not involve the correct use of Forms 1099-OID but were, in fact, criminal.   Defendants created the Forms 1099-OID themselves and represented that certain financial institutions and government entities generated the forms when they did not.

6

Finally, Defendants assert that the government concealed evidence that Title18 and a certain public law are unconstitutional.   The government did not conceal any such evidence because none exists.

For the reasons set forth above, Defendants' motion for a new trial and/or to dismiss, filed pursuant to Federal Rules of Criminal Procedure 33 and 34 should be denied.

Respectfully submitted this 25th day of February, 2015.

JOHN F. WALSH
United States Attorney


s/ Martha A. Paluch
MARTHA A. PALUCH
MATTHEW T. KIRSCH
Assistant U.S. Attorneys
1225 17th Street, Suite 700
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Email: martha.paluch@usdoj.gov
           matthew.kirsch@usdoj.gov

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and a copy was placed in the U.S. Mail to the following:

George Thomas Brokaw, Pro Se
Clear Creek County Jail
USMS Inmate Number: 39966-013

John J. Pawelski, Pro Se
Clear Creek County Jail
USMS Inmate Number: 39965-013

Mimi M. Vigil
Clear Creek County Jail
USMS Inmate Number: 39967-013

s/ Mariah Tracy
Mariah Tracy
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
303 454-0100
Fax: 303 454-0402
mariah.tracy@usdoj.gov