IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Crim. No. 13-cr-00392-CMA-2

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JOHN J. PAWELSKI,

        Defendant.

---

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
FOR RELEASE PENDING APPEAL**

---

    The United States responds below to defendant's motion for release on bond pending appeal (#478). For the reasons stated below, the United States objects.

    1.  Following trial to a jury, Mr. Pawelski was convicted of 4 counts of falsely claiming income tax refunds, conspiracy to file false tax refund claims, corruptly endeavoring to obstruct or impede administration of the internal revenue laws, and conspiracy to do the same. This court sentenced him to concurrent terms of imprisonment totaling 78 months.

    2.  Mr. Pawelski has filed a notice of appeal and the case has been docketed in the Tenth Circuit Court of Appeals, No. 15-1056. The record on appeal has not yet been prepared and no briefing schedule exists. Mr. Pawelski asks that this court order his release on bond pending the outcome of his appeal.

3. Fed. R. App. P. 9 provides that release in a criminal case is controlled by Title 18, U.S.C. §§ 3142, 3143, and 3145(c). To prevail, Mr. Pawelski must satisfy the conditions of § 3143(b)(1) and show: (1) by clear and convincing evidence that he is not a flight risk or a danger to the community; and (2) by a preponderance of the evidence that his appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal of his conviction or a reduced sentence. *See United States v. Affleck*, 765 F.2d 944, 953 (10th Cir. 1985). In *Affleck*, this court held that to be "substantial," a question must be more than merely not frivolous. A substantial question "is a 'close' question or one that very well could be decided the other way." *Id.* at 952, citing *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). The United States maintains that Mr. Pawelski cannot establish either prong. Mr. Pawelski is a flight risk and has failed to show substantial questions of law or fact likely to result in reversal of his conviction or a reduced sentence.

4. Because Mr. Pawelski refuses to acknowledge this court's jurisdiction over him, there is a high risk that he will become a fugitive from justice. Mr. Pawelski failed to appear for his scheduled sentencing hearing on January 28, 2015, and this court had to issue a bench warrant to secure his presence. *See* doc. entry #401. A prior associate of Mr. Pawelski, Ronald Hoodenpyle, was permitted to voluntarily surrender for service of his sentence, but instead absconded. When Hoodenpyle was finally arrested, at a cabin near Grand Lake, Mr. Pawelski was present. Tr. 11/7/2014 at 809. For these reasons, the government maintains that Mr. Pawelski is a flight risk.

5. Citing the absence of a record on appeal, Mr. Pawelski concedes he has difficultly showing a substantial question of law or fact on appeal. Motion (#478) at 4. However he suggests, without elaboration, that his convictions could be reversed because he was tried *in absentia* and without representation of an attorney. *Id.*

6. But his motion omits critical facts. Mr. Pawelski chose to proceed *pro se*. This court conducted several colloquies with Mr. Pawelski, in accordance with *Faretta v. California*, 422 U.S. 806, 821 (1975). *See, e.g.*, Tr. 11/3/2014 (#437) at 5.[1] Mr. Pawelski knowingly and voluntarily waived his Sixth Amendment right to counsel, knowing of that right and knowing of the dangers of self-representation. He has no basis for complaining that he was denied his right to counsel. His claim of being tried *in abstentia* is similarly groundless. Mr. Pawelski was present at the beginning of trial, but chose to leave the courtroom at the beginning of voir dire. *Id.* at 3, 27. Mr. Pawelski and his co-defendants returned a few hours later. *Id.* at 108-09. This court invited Mr. Pawelski to participate in peremptory challenges to the venire, but he made non-sensical responses which indicated that he did not wish to participate in the proceedings. *Id.* at 110, 118, 120. The court arranged for the defendants to be placed in a holding cell next door, and advised Mr. Pawelski and his co-defendants that if they changed their minds and wanted to participate, the court would have them returned to the courtroom. *Id.* at 120-21. This did not happen. The defendants chose to remain out of court. They did not make opening statements, and did not cross-examine government witnesses (on the first day).

---

[1] The government attaches individual transcript pages cited. The entire trial transcript has been filed in district court. *See* doc's 437-441.

7. At the end of the first trial day, the government expressed concern about identifying the absent defendants for the record. The court then had the defendants escorted into the courtroom and a government witness identified them, including Mr. Pawelski. *Id.* at 211. Shortly afterward, this court excused the jury for the day and addressed Mr. Pawelski and his co-defendants: "I have been trying to figure out how we should proceed in the face of your refusing to participate in these proceedings." *Id.* at 212. Although this court strongly advised the defendants against absenting themselves, the court correctly concluded that the defendants could not be compelled to be present at trial, *i.e.*, that they could waive their right to be present. *Id.* at 212-13. This court advised the defendants of the rights they would be giving up by not participating, such as the right to confront witnesses and evidence, the right to subpoena witnesses, and the right to testify. Mr. Pawelski stated he understood these rights. *Id.* at 215. Neither Mr. Pawelski nor the other defendants appeared for the second and third days of trial. Mr. Pawelski did appear for the fourth day of trial, cross-examined witnesses, and made a closing argument to the jury. *See, e.g.,* Tr. 11/6/2014 (#440) at 588-94, 785-93. Mr. Pawelski was also present on November 7, 2014, when the jury returned the guilty verdicts. Tr. 11/7/2014 (#441) at 800-813.

8. Fed.R.Crim.P. 43(c)(1)(A) provides that a defendant who is initially present at trial waives his right to be present when he is voluntarily absent after trial has begun. The Supreme Court has affirmed the continuing validity of this rule. *Crosby v. United States*, 506 U.S. 255, 259-60 (1993). S*ee also Fairey v. Tucker*, 132 S.Ct. 2218 (2012)(memo); *United States v. Sterling*, 738 F.3d 228, 237 (11th Cir. 2013); *United*

4

*States v. Benabe*, 654 F.3d 753, 777 (7th Cir. 2011); *Brown v. Gibson*,7 Fed.Appx. 894, 909-10 (10th Cir. 2001) (unpublished). The record shows beyond cavil that Mr. Pawelski was initially present at trial and attended and participated in the last day of trial. His absence during the intervening days was voluntary and he has made no showing that his Sixth Amendment rights were violated.

Because Mr. Pawelski's choices to proceed *pro se*, and to be absent from a portion of his trial, were made knowingly and voluntarily, he has failed to show any substantial issue likely to result in the reversal of his conviction or a reduced sentence. For that reason, and because he is a flight risk, the United States asks that his motion for release on bond pending appeal be denied.

Respectfully Submitted,

JOHN F. WALSH
United States Attorney

s/ *James C. Murphy*
James C. Murphy
Assistant U.S. Attorney
1225 17th Street, Suite 700
Denver, Colorado  80202
(303) 454-0100

USACO.ECFAppellate@usdoj.gov;
James.Murphy3@usdoj.gov

## Certificate of Service

I hereby certify that on June 2, 2015, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

- **Madeline S. Cohen**
  Madeline_Cohen@fd.org,COX_ECF@fd.org

- **Matthew T. Kirsch**
  matthew.kirsch@usdoj.gov

- **Miller M. Leonard**
  miller@themillerleonardlawfirm.com

- **Martha Ann Paluch**
  Martha.Paluch@usdoj.gov,

- **Jonathan William Rauchway**
  jonathan.rauchway@dgslaw.com, judy.terranova@dgslaw.com

- **Jessica E. Yates**
  jyates@swlaw.com, docket_den@swlaw.com, mmccleery@swlaw.com


                                        s/ *Ma-Linda La-Follette*
                                        Ma-Linda La-Follette
                                        U.S. Attorney's Office